## STATE v. FREDERICK DALE ANDERSON.

201 N. W. 2d 859.

November 3, 1972—No. 43332.

*C. Paul Jones,* State Public Defender, and *Patricia L. Belois,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant, appealing from a conviction for aggravated robbery, Minn. St. 609.245, contends (1) that the victim's identification of him as her armed assailant was so lacking in trustworthiness as to make the evidence insufficient to justify the jury's verdict of guilt and (2) that the admission of testimony concerning her identification of defendant in a police lineup and, more particularly, the prosecution's introduction of testimony that the victim had additionally identified him from photographs at the police station was prejudicial error.

1.  It is clear from the extended and dramatic confrontation between the victim of the robbery and her assailant that the victim had full opportunity to observe him in a manner that would justify the jury's finding that her positive identification was credible. The jury, moreover, was not compelled to credit the alibi testimony on defendant's behalf.

2.  No objection was made by defendant to either the testimony concerning the victim's identification of defendant from photographs at the police station or that concerning her subsequent identification of him in the lineup. Defendant undertook instead to attack the credibility of the photograph identification and the subsequent positive lineup identification by extended cross-examination followed by pointed argument to the jury on the crucial identification issue. As in State v. Clark, 286 Minn. 419, 176 N. W. 2d 123 (1970), the defendant must be held to have waived his right to claim that the identification testimony was erroneously received.

Affirmed.